GRABER, Circuit Judge,
concurring in part and dissenting in part:
I concur on the ground that the hard drive would have been discovered inevitably had the agents remained on the porch. See Nix v. Williams, 467 U.S. 431, 444, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984) (holding that the exclusionary rule does not apply, despite a Fourth Amendment violation, when the government can establish by a preponderance of the evidence that the same information would have been discovered lawfully). The same conversation between the officers and the brother could and would have taken place on the front porch, and on this record the brother clearly wanted to cooperate and to turn over the DVDs and other items that led to the discovery of the computer and hard drive containing child pornography.
But I respectfully dissent from the holding that Defendant’s brother had apparent authority to consent to a search of Defendant’s home. The officers knew that the brother did not live in the house and that he was there temporarily and only to clean out Defendant’s personal property. The brother had no key to the premises. The officers knew that the brother had common authority over items of personal property within the home but had no reason to think that he had authority over the home itself. See, e.g., United States v. Davis, 332 F.3d 1163, 1170 (9th Cir.2003) (holding that even a person who lives in the same dwelling does not have unlimited authority to consent to a search of the premises); United States v. Warner, 843 F.2d 401, 403 (9th Cir.1988) (holding that a landlord lacked authority to consent to a search even though the tenant had given him authority to enter the premises in the tenant’s absence).